# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Geno Nelson, | ) | |
| | ) | Civil Action No. 9:15-cv-04955-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| David Dunlap, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, brought this action requesting a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Respondent filed a Motion for Summary Judgment, (ECF No. 13), on April 29, 2016. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 17), filed on June 13, 2016, recommending that Petitioner's action, (ECF No. 1), be dismissed with prejudice for failing to respond to a Roseboro Order[1]. The Report sets forth the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

---

[1] A Roseboro Order is an order filed under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing a pro se plaintiff of the importance of the motion and of the need to file an adequate response. *See Wilson v. Richland Cnty.*, No. 3:15-1391-MGL-PJG, 2016 U.S. Dist. LEXIS 20270, at *1 (D.S.C. Feb. 19, 2016).

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file an objection to the Report "within fourteen (14) days of the date of service of the Report and Recommendation," or by June 27, 2016. (ECF No. 17 at 3.) Neither party filed an objection.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo review*, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17), and **DISMISSES** Petitioner's action, (ECF No. 1), with prejudice for failing to respond to a Roseboro Order. Further, Respondent's Motion for Summary Judgment, (ECF No. 13), is **DENIED** as moot.

## Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003); *Slacker v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 13, 2016
Columbia, South Carolina